STITES & HARBISON PLLC
Joel T. Beres, Bar No. 125890
jberes@stites.com
Melissa Hunter Smith (*pro hac vice* motion to be filed)
melissa.smith@stites.com
Sun Trust Plaza
401 Commerce Street
Suite 800
Nashville, Tennessee  37219-2490
Telephone:      (615) 244-5200
Facsimile:       (615) 782-2371

Attorneys for Defendant
E.D. BULLARD CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYSHORE PATENTS LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>E.D. BULLARD CO.,<br><br>                    Defendant. | Case No. 3:17-cv-03964<br><br>**Notice of Motion and Motion to Dismiss or for Judgment on the Pleadings**<br><br>DATE:   October 3, 2017<br>TIME:    9:00 a.m.<br>PLACE:  Courtroom E, Courtroom of the Honorable Elizabeth D. Laporte, Magistrate Judge<br><br>Complaint Filed:   July 13, 2017<br>Trial Date:             [Not Set] |

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 3, 2017 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom No. E, the Courtroom of the Honorable Magistrate Judge Elizabeth D. Laporte located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, 15th Floor, San Francisco, California 94102, Defendant E.D. Bullard Co., by and through its counsel, hereby moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Specifically, Plaintiff's Complaint should be dismissed, or judgment on the pleadings

1  should be entered, because the doctrine of equivalents cannot be used to broaden the asserted
2  claim to encompass the exact opposite of what the patentee claimed and the examiner allowed to
3  issue.  The patentee claimed LEDs "mounted on a ***bottom*** surface of said brim," and the Plaintiff
4  cannot now use the doctrine of equivalents to change that language to include LEDs mounted on
5  the ***top*** surface of the brim.  Because no reasonable jury could conclude that "bottom" means
6  "top," the motion to dismiss or motion for judgment on the pleadings should be granted, and the
7  Court should enter an order of non-infringement in favor of Defendant E.D. Bullard Co.
8       The motion is based on this Notice of Motion and Motion and the accompanying
9  Memorandum of Points and Authorities.

10 Dated:  August 7, 2017

**STITES & HARBISON PLLC**

By: /s/ Joel T. Beres
    Joel T. Beres
    Melissa H. Smith

Counsel for Defendant
E.D. BULLARD CO.

STITES & HARBISON PLLC
Joel T. Beres, Bar No. 125890
jberes@stites.com
Melissa Hunter Smith (*pro hac vice* motion to be filed)
melissa.smith@stites.com
Sun Trust Plaza
401 Commerce Street
Suite 800
Nashville, Tennessee  37219-2490
Telephone:      (615) 244-5200
Facsimile:        (615) 782-2371

Attorneys for Defendant
E.D. BULLARD CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYSHORE PATENTS LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>E.D. BULLARD CO.,<br><br>            Defendant. | Case No. 3:17-cv-03964<br><br>**Memorandum of Points and Authorities in Support of Motion to Dismiss or for Judgment on the Pleadings**<br><br>DATE:   October 3, 2017<br>TIME:   9:00 a.m.<br>PLACE: Courtroom E, Courtroom of the Honorable Elizabeth D. Laporte, Magistrate Judge<br><br>Complaint Filed:  July 13, 2017<br>Trial Date:          [Not Set] |

# TABLE OF CONTENTS

**FACTUAL BACKGROUND** ........................................................................................................ 1

**ARGUMENT** .................................................................................................................................. 3

    **A. Legal Standard and the "Functional Identity" of Rule 12(b)(6) and Rule 12(c)** .......... 3

    **B. Plaintiff's Argument Under the Doctrine of Equivalents Fails as a Matter of Law** .... 4

        **1. "top" is the opposite of, and is not equivalent to, "bottom"** ...................................... 6

        **2. Plaintiff seeks to expand the claims to encompass matter existing in the prior art** 7

        **3. Plaintiff's interpretation precludes achievement of a stated objective of the patent** ................................................................................................................................. 9

**CONCLUSION** ............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334 (Fed. Cir. 2016) .......................... 11

*Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318 (Fed. Cir. 2011) ............................... 11

*Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016) ................................ 3

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563 (Fed. Cir. 1996) ........................................................................................................................................ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 1, 4

*Asyst Techs. v. Emtrak, Inc.*, 402 F.3d 1188 (Fed. Cir. 2005) ......................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 4

*Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556 (Fed. Cir. 1994) ......................................... 7

*Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570 (Fed. Cir. 1994) ........................................................... 8

*Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349 (Fed. Cir. 2012) ................................................... 5

*Eaton v. Siemens*, 2008 U.S. Dist. LEXIS 71874 (E.D. Cal. Sept. 22, 2008) ................................. 4

*Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971 (9th Cir. 1999) ........................................ 4

*Impulse Tech. Ltd. v. Microsoft Corp.*, 2015 U.S. Dist. LEXIS 126389 (D. Del. Sept. 22, 2015) .. 7

*InfoGation Corp. v. ZTE Corp.*, 2017 U.S. Dist. LEXIS 44873 (S.D. Cal. Mar. 27, 2017) ............ 4

*K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356 (Fed. Cir. 1999) ...................................................... 7, 9

*Moore U.S.A., Inc. v. Std. Register Co.*, 229 F.3d 1091 (Fed. Cir. 2000) ....................................... 6

*Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338 (Fed. Cir. 2006) ............................. 5, 6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315 (Fed. Cir. 2016) .. 6

*Sage Prods. v. Devon Indus.*, 126 F.3d 1420 (Fed. Cir. 1997) ................................................... 6, 7

*Scripps Research Inst. v. Illumina, Inc.*, 2016 U.S. Dist. LEXIS 161279 (S.D. Cal. Nov. 21, 2016) ........................................................................................................................................ 4

*Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361 (Fed. Cir. 2005) ............................................ 5

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997) ............................... 5, 6, 11

*Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677 (Fed. Cir. 1990) .............. 8

*Zodiac Pool Care, Inc. v. Hoffinger Indus.*, 206 F.3d 1408 (Fed. Cir. 2000) ................................ 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3

Fed. R. Civ. P. 12(c) ..................................................................................................................... 3

Defendant E.D. Bullard Co. ("Bullard") respectfully moves this Court for dismissal or judgment on the pleadings. Plaintiff Bayshore Patents LLC ("Plaintiff") alleges that "bottom," as used in the sole asserted claim of the patent-in-suit, should also encompass "top" under the doctrine of equivalents. Dkt. No. 1, p. 2. The Court need only apply its "judicial experience and common sense" to reach the inescapable conclusion that "bottom" cannot mean "top." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). There is no dispute as to any material fact in the Complaint. Rather, the pleadings themselves reveal that the case is without merit. Accordingly, Bullard is entitled to dismissal or judgment on the pleadings that it does not infringe the patent-in-suit, and the Court should not hesitate to dispose of this baseless action promptly.

## FACTUAL BACKGROUND

Bullard is a leading manufacturer of high-quality personal protective equipment such as hard hats and fire and rescue helmets. Bullard was founded in 1898 By Edward Dickinson Bullard in San Francisco, California,[1] and it originally supplied equipment to miners in the region. Over the years, Bullard has broadened its offerings, developing many innovative protective gear products for various applications ranging from protective hats and respirators that were used during the construction of the Golden Gate Bridge in the 1930s to the world's first fiberglass fire helmet in 1947 to the first thermoplastic fire helmet approved by the National Fire Protection Association in 1983. Bullard, now a fifth-generation family-owned business, has been manufacturing and selling headgear with lighting mounted thereupon for many decades.

Plaintiff is a non-practicing entity that has sued Bullard in this District, alleging that various Bullard TrakLite Helmets and Parts infringe claim 25 of U.S. Pat. No. 7,086,749 ("the '749 patent" or "patent-in-suit"). Dkt. No. 1, ¶¶1, 6. The '749 patent, entitled HEADGEAR WITH FORWARD ILLUMINATION, generally discloses and claims headgear that has light emitting diodes within the brim. Dkt. No. 1-1 at Abstract. Fig. 1 of the '749 patent is illustrative:

---

[1] Bullard's principal place of business is now in Cynthiana, Kentucky.



FIG. 1

*Id.* (wherein the "light source 130" is in the "rim 110" of the "brim 108").

The '749 patent contains seven independent claims, six of which claim a row of LEDs that are mounted "within said brim" of the headgear. Dkt. No. 1-1 at Claims 1, 2, 4, 15, and 21; *see also id.* at claim 11 (claiming a brim having a rim along the perimeter of said brim with the LEDs placed "within said rim" of said brim). Plaintiff has not asserted, and cannot in good faith assert, infringement of independent claims 1, 2, 4, 11, 15, or 21 because the accused TrakLite Helmets and Parts do not incorporate LEDs within a brim of the helmets. On the contrary, the accused products utilize LEDs above the brim and on what the patentee refers to as the "crown" of the helmet.



Claim 25 is the only independent claim of the patent-in-suit that arguably does not require that the LEDs be mounted "within" the brim of the headgear.[2] Instead, claim 25 claims a row of

---

[2] *But see infra* at Section B.2 (noting that the Notice of Allowance indicates that examiner understood the scope of the claims to be much narrower).

LEDs "mounted on a bottom surface of said brim." No claims depend from claim 25. Accordingly, it is the only asserted claim. Claim 25 is as follows:

> 25. An illumination headgear for viewing objects comprising:
>
> a crown having a lower edge;
>
> a brim disposed on said crown proximate to said lower edge, said brim having a rim disposed along the perimeter of said brim distal from said lower edge;
>
> an array of contiguous light emitting diodes **mounted on a bottom surface of said brim** and proximate to said rim, said array of contiguous light emitting diodes focused to form a contiguous beam; and
>
> a power source electrically coupled to said array of contiguous light emitting diodes through a switch.

Dkt. No. 1-1 at claim 25 (emphasis added).

It is beyond dispute that Bullard's accused products do ***not*** have LEDs mounted on the "bottom surface" of the brim, as required by claim 25. Plaintiff concedes as much, as illustrated by its reliance on the doctrine of equivalents in the Complaint. Dkt. No. 1 at p. 2 ("The central question in this lawsuit pertains to the doctrine of equivalents."). Plaintiff alleges that the doctrine of equivalents should be used to transform the claim language from "mounted on ***a bottom*** surface of said brim" to "mounted on ***the top*** surface of said brim." *Id.* Because the doctrine of equivalents cannot be used to completely rewrite claim language to claim the exact opposite of what was approved by the patent examiner and issued by the PTO, Bullard is entitled to dismissal or judgment as a matter of law of non-infringement.

## ARGUMENT

**A. Legal Standard and the "Functional Identity" of Rule 12(b)(6) and Rule 12(c)**

Bullard is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Purely procedural issues of law such as whether to grant a motion under Rule 12(b)(6) or Rule 12(c) are governed by the law of the regional circuit. *See Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1293 (Fed. Cir. 2016). The Ninth Circuit has held that the standard for deciding a motion filed under Rule 12(c) is "functionally identical" to the standard utilized for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

1  *InfoGation Corp. v. ZTE Corp.*, 2017 U.S. Dist. LEXIS 44873, *10 (S.D. Cal. Mar. 27, 2017)
2  (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir.
3  2011)). Consequently, though Bullard moves to dismiss this Complaint based on Rule 12(b)(6)
4  or, alternatively, Rule 12(c), the analysis is the same.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept as true factual allegations in the Complaint, *id.*, but the Court should not consider any allegations that are merely legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As is the case in a Rule 12(b)(6) motion, the Court in a Rule 12(c) motion may take judicial notice of matters of public record without converting the motion to one for summary judgment. *Eaton v. Siemens*, 2008 U.S. Dist. LEXIS 71874 (E.D. Cal. Sept. 22, 2008); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice.").

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. To adequately plead infringement, the plaintiff must allege sufficient facts to *plausibly* show that the accused product contains each limitation of the asserted patent claim. *Scripps Research Inst. v. Illumina, Inc.*, 2016 U.S. Dist. LEXIS 161279 (S.D. Cal. Nov. 21, 2016) (citing *e.Digital Corp. v. iBaby Labs, Inc.*, 2016 U.S. Dist. LEXIS 111689 (N.D. Cal. Aug. 22, 2016)). Here, even if Plaintiff's factual allegations as to the accused products are accepted as true, it simply is not plausible that claim 25 reads on them. Such a reading of the claims violates common sense and is contrary to the language of the patent-in-suit itself and its prosecution history. Accordingly, Bullard is entitled to judgment as a matter of law of non-infringement, and this case should be dismissed.

**B. Plaintiff's Argument Under the Doctrine of Equivalents Fails as a Matter of Law**

As noted above, Plaintiff's Complaint relies on the doctrine of equivalents to argue that the claim limitation of LEDs "mounted on a bottom surface of said brim" should also encompass LEDs that are mounted on the *top* surface of said brim. Dkt. No. 1, p. 2. The doctrine of

equivalents is a doctrine that courts created to allow patentees to prevail on infringement, though an accused instrumentality may not fall within the literal terms of a patent claim, if there is "equivalence" between the accused instrumentality and the claimed elements of the patented invention. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). The doctrine of equivalents may be applied if the difference between the missing patent claim limitation and the accused instrumentality is "insubstantial," or if the accused instrumentality performs the same function in the same way to achieve the same result as what is disclosed in the patent claim. *Id.* at 39-40. But the doctrine must not be used to vitiate the central function of the patent claims to define and therefore place the public on notice as to the invention. *Id.* at 29-30.

Claim vitiation precludes the doctrine of equivalents if application of the doctrine would completely eliminate a claim element. Claim vitiation is "a legal determination that 'the evidence is such that no reasonable jury could determine two elements to be equivalent.'" *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (quoting *Warner-Jenkinson*, 520 U.S. at 39 n.8). The Federal Circuit has held that vitiation precludes the application of the doctrine of equivalents in cases such as the instant dispute where the accused instrumentality contains "the antithesis of the claimed structure." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1345 (Fed. Cir. 2006).

The question of vitiation is an issue of law, as it is the Court's role "to ensure that the doctrine of equivalents is not permitted to overtake the statutory function of the claims in defining the scope of the patentee's exclusive rights." *Deere & Co.*, 703 F.3d at 1356 (citing *Sage Prods. v. Devon Indus.*, 126 F.3d 1420, 1424 (Fed. Cir. Sept. 18, 1997)); *see also Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1378 (Fed. Cir. 2005) (noting that vitiation is a question of law). If no reasonable jury could find equivalence, the Court must grant judgment of non-infringement under the doctrine of equivalents. *Id.*

The Court in this case should intervene early and dismiss this case because Plaintiff's infringement theory is directly at odds with the claim language itself and, therefore, its theory conflicts with the public notice function of the claims. Moreover, Plaintiff's theory should be rejected because it seeks to recapture matter that has existed in the prior art for years. Further,

STITES & HARBISON PLLC
ATTORNEYS AT LAW
NASHVILLE

MEMO IN SUPPORT OF MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS 3:17-CV-03964

Plaintiff's theory is not viable because it would fail to accomplish a stated purpose of the invention.

### 1. "top" is the opposite of, and is not equivalent to, "bottom"

Here, "bottom" cannot mean "top" because such an interpretation would vitiate the claim. Indeed, Plaintiff's interpretation effectively eliminates the entire limitation from the claim, which is improper. *Warner-Jenkinson Co.*, 520 U.S. at 29; *see also Sage Prods. v. Devon Indus.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997) (noting "the doctrine of equivalents does not grant Sage license to remove entirely the 'top of the container' and 'over said slot' limitations from the claim"). Moreover, the Federal Circuit has repeatedly refused to apply the doctrine of equivalents to opposite structures like those at issue in this case. *See, e.g.*, *Planet Bingo, LLC*, 472 F.3d at 1345 (refusing to apply the DOE to change claim language from "before" to "after" and noting that the doctrine cannot apply "where the accused device contains the antithesis of the claimed structure"); *Moore U.S.A., Inc. v. Std. Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000) (refusing to find infringement under the doctrine of equivalents for an accused product with only a minority of adhesive strips where the claim called for a majority); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1344-1345 (Fed. Cir. 2016) (reversing infringement ruling under DOE because having two "distinct" signals as required by the claims cannot be equivalent to having a single signal); *see also Asyst Techs. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005) ("To hold that 'unmounted' is equivalent to 'mounted' would effectively read the 'mounted on' limitation out of the patent.").

The Federal Circuit's prohibition against applying the doctrine of equivalents to accused products that are the exact opposite of the claimed limitation is based on sound logic and grounded in the public-notice functions of the statutory claiming requirement. The Court has explained that, if the doctrine of equivalents were to be applied as broadly as Plaintiff in this case suggests, "then claims would be reduced to functional abstracts, devoid of meaningful structural limitations on which the public could rely." *Sage Prods.*, 126 F.3d at 1424. As was the case in *Sage Prods.*, the claim at issue here discloses a relatively simple structural device, and a skilled drafter would have foreseen the limiting potential of the "mounted on a bottom surface of said

STITES & HARBISON PLLC
ATTORNEYS AT LAW
NASHVILLE

- 6 -

MEMO IN SUPPORT OF MOTION TO
DISMISS OR FOR JUDGMENT ON THE
PLEADINGS 3:17-CV-03964

brim" limitation. *See id.* Likewise, here there was no subsequent change in the state of the art that would have obfuscated the significance of this limitation at the time it was chosen to define the metes and bounds of the claimed subject matter. *See id.* The patentee here had a clear opportunity to claim LEDs that are mounted on the top surface of the brim and it failed to do so.[3]

Simply put, "top" is not equivalent to "bottom," and no reasonable jury could conclude that it is. The difference between "bottom" and "top" is a substantial one. The patentee chose the phrase "mounted on a bottom surface of said brim" as a structural limitation of its claimed invention, and Bullard is entitled to rely on that claim language in planning its own business activities. *See Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) ("The doctrine of equivalents cannot be used to erase meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement." (internal quotations and citations omitted)). Because no reasonable jury could conclude that "top" is equivalent to "bottom," the Court should grant Bullard's motion and enter judgment of non-infringement under the doctrine of equivalents. *See, e.g.*, *Zodiac Pool Care, Inc. v. Hoffinger Indus.*, 206 F.3d 1408, 1416 (Fed. Cir. 2000) (affirming JMOL after concluding "no reasonable jury could find that a stop which extends to the peripheral edge of a disk is equivalent to one that is 'substantially inward' of the very same disk"); *see also Impulse Tech. Ltd. v. Microsoft Corp.*, 2015 U.S. Dist. LEXIS 126389 (D. Del. Sept. 22, 2015) (granting summary judgment of non-infringement and rejecting patentee's reliance on DOE because "[t]he accused product operates in essentially the opposite fashion of that described in the claims").

**2. Plaintiff seeks to expand the claims to encompass matter existing in the prior art**

Plaintiff's legal theory should also be rejected because it improperly seeks to reclaim matters that were within the public domain for many years before it filed its patent application. It is a well-established principle of Federal Circuit jurisprudence that the doctrine of equivalents cannot be used to allow a patentee to encompass subject matter existing in the prior art. *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1367 (Fed. Cir. 1999); *Wilson Sporting Goods Co. v.*

---

[3] As discussed in Section B.2 below, the patentee likely opted not to claim such subject matter because such a claim limitation reads on voluminous amounts of prior art.

1   *David Geoffrey & Assoc.*, 904 F.2d 677, 683 (Fed. Cir. 1990) (*overruled on other grounds*);

2   *Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1577 (Fed. Cir. 1994).

3         Many years prior to the date of filing of the application for the patent-in-suit, it was well-known to utilize lights within the crown of headgear.  Even leaving aside the voluminous prior art that utilizes non-LED bulbs on the crown, such as the miner helmets that Bullard commercialized nearly a century ago (https://www.si.edu/object/nmah_872433; https://www.si.edu/object/nmah_872441), there are many references in the prior art that utilize LED bulbs on the crown in the same manner that Plaintiff now contends is within the scope of its later-filed patent.  For example, U.S. Pat. No. 5,510,961 to Peng, which was cited by the examiner in the prosecution of the '749 patent, depicts a cap with LEDs within the crown.  *See* U.S. Pat. No. 5,510,961 at Fig. 2; *id.* at 1:30-32; *id.* at 2:19-26.  Likewise, U.S. Pat. No. 6,935,761 to Vanderschuit, which also is prior art of record, also discloses the use of light sources being directed within and through the crown, and notes that said light sources include LEDs.  *See* U.S. Pat. No. 6,935,761 at 4:35-45; *id.* at 5:5-8.  Certainly if the examiner had been presented with a claim including the limitation LEDs "mounted on the top surface of said brim," she would have relied heavily on said prior art of record in her rejection of the claim.  Further, there are a multitude of other prior art patents that disclose LEDs within the crown of headgear.  *See, e.g.*, U.S. Pat. No. 5,570,946 to Chien (disclosing headgear illuminated by LEDs in the crown and noting that the invention can provide beams of light for reading or other nighttime activities); U.S. Pat. No. 5,155,669 to Yamuro (disclosing an LED apparatus for use on objects such as a "helmet . . . of a person working in a dark place at night"); U.S. Pat. No. 5,680,718 to Ratcliffe et al. (disclosing headgear with LEDs used to illuminate designs on the crown); U.S. Pat. No. 5,921,674 to Koczi (same); U.S. Pat. No. 5,416,675 to DeBeaux (disclosing LEDs on the crown of a helmet to increase visibility of the wearer); U.S. Pat. No. 5,544,027 to Orsano (same).  Had the Patentee claimed an array of contiguous light emitting diodes mounted on the ***top or bottom*** surface of said brim, as Patentee now suggests, the examiner would not have allowed claim 25 to proceed to issuance, in view of the prior art.

It is notable that the examiner understood the scope of the claims to be much narrower than what the Patentee now asserts is encompassed.  Indeed, in the Notice of Allowance, the examiner stated that she was allowing the claims on the basis that the independent claims all recite "an array of continuous light emitting diode integral within said brim and proximate to said rim."[4]  Ex. A, File Wrapper at p. 12.  The patentee should not now be permitted to broaden the claims beyond what was deemed allowable by the examiner.  Plaintiff's improper attempts to use the doctrine of equivalents to broaden the scope of the claim language should thus be rejected.

### 3. Plaintiff's interpretation precludes achievement of a stated objective of the patent

The doctrine of equivalents cannot be utilized to expand claim 25 to include LEDs that are mounted on the top surface of the brim because such a configuration would fail to accomplish a stated purpose of the patent.  The Federal Circuit has held that, "where the patent document expressly identifies a role for a claim limitation, the doctrine of equivalents cannot be used to capture subject matter that does not substantially fulfill that role." *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1367 (Fed. Cir. 1999).  Here, the patentee states that an advantage of the present invention is as follows:

> to provide a means for detecting animals, insects, arachnids or other creatures in the dark by providing a source of light that is worn very close to the eyes of the user such that the light reflecting back from the eyes of the creature being observed is at a very small angle of reflection thus reflecting light from the retina of the creature's eyes back to the user.

Dkt. No. 1-1 at 16:19-24.[5]  This stated advantage is also depicted in Fig. 23, wherein the angle of reflection is labeled 2345:

---

[4] The Notice of Allowance cites to pending claim 26, which became issued claim 25.
[5] The patentee himself highlights the importance of considering the stated advantages when determining the metes and bounds of the alleged invention. *See* Dkt. No. 15:42-47.



Fig. 23

As Fig. 23 illustrates, the LEDs 2330 are mounted on the brim 2308, in close proximity to the user's eye 2328. The patentee went on to explain that the method of finding animals in the dark takes advantage of "the small vertical distance 2327 between the light source 2330 . . . and the eye of the user 2328," and the patentee notes that "this distance 2327 can be quite small" and "can be adjusted by moving the brim 2308, to approximately zero." Dkt. No. 1-1 at 14:56-62. Accordingly, "the angle of reflection 2345 between a ray of light from the source 2346 and a ray of light reflected back 2348 from the eye 2342 of the creature 2346 is some very small angle, for example one or three degrees." *Id.* at 14:62-65.

If the LEDs are instead mounted on the top surface of the brim, as Plaintiff now contends should be encompassed by claim 25, this role cannot be fulfilled because the angle of reflection would be much, much larger. According to the stated purpose in the specification, the LEDs must be mounted in such a manner as to be so close to the eye of the user that the distance between the two is "approximately zero." *See* Dkt. No. 1-1 at 14:62. Claim 25, when read in light of this stated purpose in the written description, requires a very small angle of reflection, and the doctrine of equivalents cannot be used to circumvent this limitation. *See Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1574 (Fed. Cir. 1996) (rejecting the patentee's arguments regarding DOE where the disputed claim limitation, read in light of a stated purpose in the written description, requires a function not performed by the accused device). To hold otherwise would render the claim limitation that LEDs be "mounted on a bottom surface of said brim" inconsequential, which is impermissible. *Akzo Nobel Coatings, Inc.*

*v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016) (noting that the doctrine of equivalents cannot be used in a manner that "renders a claim limitation inconsequential or ineffective").

Furthermore, even if the Court considers the "function, way, result" test instead of the "insubstantial differences" test discussed in Section B.1 above, the end result is the same because a stated purpose of the claim limitation in question is not accomplished through the purported "equivalent." As the Federal Circuit has stated, "An analysis of the role played by each element in the context of the specific patent claim will thus inform the inquiry as to whether a substitute element matches the function, way, and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element." *Warner-Jenkinson Co.*, 520 U.S. at 40. Here, the patent-in-suit states that the LEDs perform the role of providing a means for detecting creatures, due to the very small angle of reflection between the LEDs, the creature, and the user's eye. LEDs mounted on top of the brim will not match the same function, way, and result of LEDs mounted on a bottom surface of the brim because there is a much greater angle of reflection in such a configuration. In fact, the specification teaches that such a configuration will not achieve the intended result at all.

In sum, Plaintiff's argument that "bottom" should include "top" is unpersuasive and conflicts with multiple well-established principles arising out of jurisprudence governing the doctrine of equivalents. Plaintiff's contention that "bottom" can include "top" would frustrate the patent-in-suit's stated purpose of achieving a very small angle of reflection so as to detect a creature. Plaintiff's theory is thus "legally insufficient," and judgment of non-infringement is proper. *See Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1339 (Fed. Cir. 2011) (affirming summary judgment of non-infringement based on no equivalence because such theory "would vitiate that claim limitation by rendering it meaningless"). For this reason and the other reasons set forth herein, no reasonable jury could find equivalence here, and this Court should dismiss the case or enter judgment on the pleadings of non-infringement.

## CONCLUSION

Bullard acknowledges that a dispositive motion such as this is unusual in patent cases, particularly at such an early stage in the case. Nevertheless, this case presents the unique

1  situation in which the Court can and should dispose of a clearly implausible patent case at an

2  early stage in the proceedings, before the parties invest significant time and resources in

3  litigation. The term "bottom" does not mean "top," and no reasonable jury could conclude

4  otherwise. Moreover, the doctrine of equivalents cannot be used to reclaim what has existed in

5  the prior art for years, and it also cannot be used in a manner that would preclude achievement of

6  a stated purpose of the patent. For the foregoing reasons, Bullard's motion to dismiss or motion

7  for judgment on the pleadings should be granted, and the Court should enter an order of non-

8  infringement in Bullard's favor.

Dated: August 7, 2017

**STITES & HARBISON PLLC**

By: /s/ Joel T. Beres
     Joel T. Beres
     Melissa Hunter Smith

Counsel for Defendant
E.D. BULLARD CO.

STITES & HARBISON PLLC
ATTORNEYS AT LAW
NASHVILLE

- 12 -

MEMO IN SUPPORT OF MOTION TO
DISMISS OR FOR JUDGMENT ON THE
PLEADINGS 3:17-CV-03964